ANNIE PRALL FAHNESTOCK, Appellant, *v.* FRANCES HODGSON TOWNSEND, Respondent.

First Department, May 17, 1918.

**Libel — defense — privilege.**

Where plaintiff's sister wrote an unobjectionable letter to plaintiff's mother-in-law, referring to the married life of the plaintiff, and the defendant, a sister of the plaintiff's mother-in-law, voluntarily wrote a reply letter which was libelous *per se*, she is not protected by any claim of privilege.

APPEAL by the plaintiff, Annie Prall Fahnestock, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York

on the 24th day of October, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*William W. Niles* of counsel [*Niles & Johnson*, attorneys], for the appellant.

*Vermont Hatch* of counsel [*White & Case*, attorneys], for the respondent.

DOWLING, J.:

This action is brought for a libel published of and concerning the plaintiff by the defendant. The authorship of the libel is admitted and there is no dispute as to the publication. The plaintiff was married on July 28, 1906, at New York city to Archie Fahnestock, whose mother was Mrs. Edith M. Jordan, a sister of the defendant. Prior to February 21, 1915, the plaintiff's sister, Mrs. Emma Prall Knorr, wrote a letter to Mrs. Jordan referring to the married life of the plaintiff and to her plans for the future, particularly as to her home life. This letter was unobjectionable in tone, apparently most friendly both in language and spirit, and could not by any possibility be distorted into a justification of the letter which was sent in reply to it. That reply did not come from Mrs. Jordan but from the defendant who, on February 21, 1915, wrote the letter which furnishes the basis for this action. It occupies some fourteen pages of the printed case on appeal and is most virulent in character, filled with aspersions upon the plaintiff's character and evidently written for the purpose of humiliating, degrading and insulting plaintiff and holding her up to the contempt and ridicule of all those who might have an opportunity of reading it. The whole tone of the letter is unmistakable, its purpose apparent, and the malice which pervades it is manifested in almost every paragraph. It was mailed to Mrs. Knorr after being copied by the defendant's maid, and in it the defendant refers to the fact that copies thereof will be made. It was read by four other persons besides the recipient and was designed to completely destroy plaintiff's standing with her relations, to whom defendant admitted she knew the letter would be

shown. It would serve no useful purpose to quote at length from the communication, the sole effect of which would be to give wider circulation to its libelous contents. I deem it enough to say that in my opinion the portions of the letter quoted in the complaint constitute a libel *per se*, that they were written for the purpose (apparent upon their face) of charging the plaintiff with the characteristics, defects, failings or acts set forth in the 2d paragraph of the complaint, and that even without the innuendo the portions of the letter quoted in the complaint are plainly libelous *per se* and, therefore, plaintiff was entitled to recover more than nominal damages and the dismissal of the complaint was error.

Nor do I think the defendant is protected by any claim of privilege, for her letter was not written in reply to any letter directed to her, and Mrs. Knorr's letter to Mrs. Jordan furnished neither excuse, basis nor reason for the libelous communication. The defendant voluntarily interjected herself into a correspondence with which she had no concern, for the purpose of gratifying her malice against the plaintiff or to satisfy some grievance of her own, real or fancied. The extent to which she indulged herself in the libelous charges against the plaintiff finds no justification in any part of the letter which she seized upon as a pretext for her epistle, and as the letter was not sent to her and called for no reply from her even when she ascertained its contents, her volunteered reply thereto is not a privileged one.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.